United States District Court
Middle District of Florida
Jacksonville Division

**THE ESTATE OF ALBERT PARRENO,**
**BY AND THROUGH JAVIER GARCIA-BENGOCHEA**
**AS ADMINISTRATOR,**

    *Plaintiff,*

v.                                                                                      NO. 3:24-cv-229-HES-PDB

**AIRBNB, INC.,**

    *Defendant.*

_____

## Order

Through a single-count complaint, the Estate of Albert Parreno sues Airbnb, Inc., for an alleged violation of the Helms-Burton Act, 22 U.S.C. §§ 6021–91, which gives United States nationals a private cause of action against traffickers in property stolen by the Castro regime. Doc. 1. Airbnb moves to dismiss, Doc. 18, and stay discovery while awaiting a ruling on the motion to dismiss, Doc. 22. The Estate opposes both motions. Docs. 25, 27.

Discovery usually starts on the day the parties meet to discuss case management (here, May 3, 2024, Doc. 12) and ends on a discovery cut-off day established in a scheduling order (here, June 2, 2025, Doc. 13). *See* Fed. R. Civ. P. 16(b)(1), 16(b)(3)(A), 26(d)(1).

According to the Middle District Discovery handbook:

> Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely

> granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.

Middle District Discovery (2021) at Section I.E.4.

In *Chudasama v. Mazda Motor Corp.*, the Eleventh Circuit explained that a circumstance warranting a stay of discovery is the pendency of a motion to dismiss raising a facial challenge to the legal sufficiency of a claim. 123 F.3d 1353, 1367 (11th Cir. 1997); *accord World Holdings, LLC v. Fed. Republic of Ger.*, 701 F.3d 641, 655 (11th Cir. 2012); *Little v. CSRA, Inc.*, 834 F. App'x 495, 500 (11th Cir. 2020); *Odion v. Google Inc.*, 628 F. App'x 635, 639 (11th Cir. 2015). According to the Eleventh Circuit:

> Facial challenges to the legal sufficiency of a claim …, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Chudasama*, 123 F.3d at 1367 (internal footnote and citation omitted).

The Eleventh Circuit recognized that "mechanisms for effective discovery are essential to the fairness of our system of litigation" while also recognizing that they "carry significant costs":

> Discovery imposes several costs on the litigant from whom discovery is sought. These burdens include the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged. The party


> seeking discovery also bears costs, including attorneys' fees generated in drafting discovery requests and reviewing the opponent's objections and responses. Both parties incur costs related to the delay discovery imposes on reaching the merits of the case. Finally, discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes.

*Id.* at 1367–68 (internal footnote omitted).

Which aspiration a stay of discovery may promote depends on the unknown outcome of the motion to dismiss: if the motion is denied, delayed discovery means the determination of the action may be less speedy; if the motion is granted, delayed discovery means the determination of the action may be less expensive. *See* Fed. R. Civ. P. 1 (stating that parties and courts should construe, administer, and employ the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding"); 28 U.S.C. § 471 (requiring courts to implement a plan to "facilitate deliberate adjudication of civil cases on the merits, monitor discovery, improve litigation management, and ensure just, speedy, and inexpensive resolutions of civil disputes"). To determine what to do, some district courts take a "preliminary peek" at the motion to dismiss to assess its merits or lack thereof. *See, e.g.*, *Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 841–42 (11th Cir. 2020) (holding a district court did not "clearly err" in staying discovery pending rulings on motions to dismiss and compel arbitration after taking a "preliminary peek" at the motions and determining "they were likely meritorious and dispositive").

Staying discovery is warranted here. The lawsuit is relatively new, having been filed in March 2024. Doc. 1. The discovery period does not end until June 2025, and the trial is not scheduled to start until January 2026. Doc. 13. Airbnb's motion to dismiss raises facial challenges to the legal sufficiency of the claim, including that the Estate's administrator acquired the claim too

3

late, *see* Doc. 18 at 9–11; the Estate fails to allege scienter, *id.* at 19–22; and a provision of the Communications Decency Act of 1996—47 U.S.C. § 230(c)(1)—bars the claim, *id.* at 22–23. The Estate responds to the arguments without contending discovery is necessary for a complete response to the motion to dismiss. *See* Doc. 27. Airbnb confronts substantial burden and expense in responding to the first round of discovery requests, which Airbnb describes as including early depositions and requests for "essentially every document relating to Airbnb's conduct anywhere in Cuba" from 2014 to now. *See* Doc. 22 at 7 (quoted); Doc. 22-1 (the Estate's first request for production with twelve broad definitions and thirty requests). While the undersigned does not attempt to address the merits of Airbnb's many independent arguments for dismissal, the undersigned can say that none appear frivolous or made to delay. Airbnb's victory on any of them means the lawsuit ends.

Citing the Middle District Discovery handbook, the Estate argues that Airbnb cannot satisfy its burden of showing that a stay is warranted without making a specific showing of prejudice or undue burden. Doc. 25 at 2. Although the introduction of the handbook explains it is "highly persuasive in addressing discovery issues," neither the Federal Rules of Civil Procedure nor any binding precedent establish any such burden. The Court follows *Chudasama* instead.

The Estate argues that the motion to dismiss is a premature motion for summary judgment in disguise because Airbnb relies on documents or information outside the pleading. *Id.* at 1, 8–10. Setting aside that reliance on documents or information outside the pleading does not necessarily convert a motion to dismiss into a motion for summary judgment,* Airbnb does not rely

---

*"Generally, when considering a motion to dismiss, the district court must limit its consideration to the [complaint] and any exhibits attached to it." *Baker v. City of Madison*, 67 F.4th 1268, 1276 (11th Cir. 2023). "If the parties present, and the court considers, evidence

4

on anything but the pleading allegations and the law (and, in one instance, a notice letter the Estate agrees is incorporated by reference into the pleading, *see* Doc. 27 at 2) for the arguments described above.

The Estate contends that Airbnb's constitutional argument is "highly abridged" and not serious. Doc. 25 at 10. Additional briefing has since been provided. Doc. 32 at 12–15. Still more briefing may come. *See* Doc. 29 at 1–2. In any event, even without considering that argument, Airbnb makes facial challenges to the legal sufficiency of the claim.

The motion to stay discovery, Doc. 22, is **granted**. Discovery is stayed, with automatic lifting upon any order denying the motion to dismiss, Doc. 18, in whole or in part.

**Ordered** in Jacksonville, Florida, on August 15, 2024.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

---

outside the pleadings, the motion to dismiss generally must be converted into a motion for summary judgment." *Id.*

"There are two exceptions to this conversion rule: (1) the incorporation-by-reference doctrine and (2) judicial notice." *Id.* "Both exceptions permit district courts to consider materials outside a complaint at the motion-to-dismiss stage." *Id.* Under the incorporation-by-reference doctrine, "a court may properly consider a document not referred to or attached to a complaint … if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024). Under the judicial notice rule, at any stage of a case and on its own, a court may judicially notice a fact that cannot be reasonably disputed because it either is generally known or can be readily and accurately determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)–(d).